1

```
 1  UNITED STATES DISTRICT COURT.

 2  EASTERN DISTRICT OF NEW YORK

 3  - - - - - - - - - - - - - - - X

 4  UNITED STATES OF AMERICA,    :
                                               11-CR-683
 5
             -against-              United States Courthouse
 6
                                 :  Brooklyn, New York
 7
    WENDEL WALTERS,
 8  STEVENSON DUNN,
    LEE HYMOWITZ,
 9  MICHAEL FREEMAN,

10
             Defendants.
11                               :  October 10, 2012
                                    2:30 o'clock p.m.
12  - - - - - - - - - - - - - - - X
    TRANSCRIPT OF STATUS REPORT
13  BEFORE THE HONORABLE NINA GERSHON
    UNITED STATES DISTRICT JUDGE
14
    ATTORNEYS FOR GOVERNMENT:
15  LORETTA E. LYNCH
    UNITED STATES ATTORNEY
16  BY:  ANTHONY M. CAPOZZOLO
         CRISTINA M. POSA
17  Assistant United States Attorneys
    271 Cadman Plaza East
18  Brooklyn, New York 11201

19  ATTORNEY FOR DEFENDANT:
    HOWARD R.  LEADER, ESQ.
20  For:  Wendell Walters

21  ROBERT A. EVANS, JR.
    For:  Stevenson Dunn
22
    MAURICE H. SERCARZ, ESQ.
23  For: Lee Hymowitz

24  GERALD J. DiCHIARA, ESQ.
    For:  Michael Freeman

25
```

*MARSHA DIAMOND, CSR*
*OFFICIAL COURT REPORTER*

```
1      MICHAEL BEYS, ESQ.
       For:  Robert Morales
2
       Also present:
3      Richard Nashaun
       FBI Agent
4
       Court Reporter:
5      Marsha Diamond
       225 Cadman Plaza East
6      Brooklyn, New York
       TEL: (718) 613-2489
7      FAX: (718) 613-2369
8         Proceedings recorded by mechanical stenography,
   transcript produced by CAT.
9             THE CLERK:  United States versus Dunn,  et al
10            Docket No. 11-CR-00-683.
11            Counsel appearances, please.
12            THE COURT:  Good afternoon.
13            MS. POSA:  Cristina Posa and Anthony Capozzolo, for
14 the United States.
15            FBI AGENT NASHAUN: Richard Nashaun, FBI, for the
16 government.  Good afternoon.
17            MR. LEADER:  Howard Leader, for Wendell Walters.
18            MR. EVANS:  Robert Anthony Evans, for Stevenson
19 Dunn. Mr. Dunn is present in the courtroom. Good afternoon.
20            MR. SERCARZ:  Maurice Sercarz, for the defendant
21 Hymowitz.
22            MR. DiCHIARA:  Good afternoon. Gerald DiChiara, for
23 Michael Freeman. I apologize for being a little late.  I was
24 engaged before Judge Patterson.
25            MR. BEYS: Michael Beys, for Mr. Morales, who's
```

3

1  present in the courtroom. Good afternoon, Your Honor.
2              THE CLERK:  Thank you.
3              THE COURT:  Good afternoon, everyone.
4         All right.  Now, these are the four remaining
5  defendants; are there any more defendants?
6              MS. POSA:  Everybody else has pled out.
7              THE COURT:  Is there anyone else who has a plea
8  scheduled?
9              MR. CAPOZZOLO:  Yes, Judge, Mr. Morales' counsel and
10 I have agreed on October 17th at 2:30 p.m. for a scheduled
11 date for a plea.
12             THE COURT:  Do you have that, Victor?
13             THE CLERK:  I do, Judge.
14             THE COURT: Any others anticipated?
15             MR. CAPOZZOLO:  Not at this time, Judge.
16             THE COURT: Have we ever had a motion scheduled?
17             MR. CAPOZZOLO:  No. Counsel and us have discussed
18 dates for the motion schedule.
19             THE COURT:  All right.
20             MR. CAPOZZOLO:  Yes, Judge, defense counsel have
21 requested November 30th for defense motions, with the
22 government's response due on December 21st, with the suggested
23 reply date of January 7th.
24             THE COURT:  Is that agreed upon?
25             MR. EVANS:  Yes, Your Honor.

1    THE COURT: All right. Then tell me what kind of
2 motions you are going to make.
3    MR. EVANS:  On behalf of Mr. Dunn we think we are
4 making a motion to suppress some of the evidence that the
5 government has made available through discovery and
6 disclosure.
7    THE COURT:  On what grounds?
8    MR. EVANS:  We think his statement is suppressible.
9    THE COURT: On what grounds?
10   MR. EVANS: We think he requested to exercise his
11 Fifth Amendment right.  We believe that he sought counsel on
12 at least three occasions and it's our position that he was
13 diminished because of his medical condition and had been
14 arrested immediately before he took his medicine or a meal. He
15 has adult onset diabetic and is such a severe case that he is
16 on state list for watch, and so we are concerned that, not
17 only did he exercise his right and ask for his counsel which
18 right was ignored, that he was then further kept for some six
19 or seven hours without his medication, and after only after
20 six or seven hours did he begin to get some relief that he
21 asked for.  So we think that his statement might be
22 suppressible on those grounds.
23   THE COURT:  Are there any other motions that you
24 intend to make, Mr. Evans?
25   MR. EVANS:  None from me.

1    THE COURT:  Other defendants?
2    MR. SERCARZ:  With regard to the defendant Hymowitz,
3 Your Honor, in the event the statement is not suppressed,
4 there are portions of his statement that implicate both
5 defendants Hymowitz and Freeman will be making, a Brutant
6 motion or negotiating with the government regarding
7 appropriate redactions.
8    THE COURT:  Okay.  You don't need a motion on a
9 Brutant issue, it seems to me. You will propose your
10 redaction, the government will respond, and I will decide it.
11 I mean this shouldn't be complicated. Okay?
12    MR. SERCARZ:  That is terrific.
13    THE COURT:  Does anyone disagree with that?
14    MS. POSA:  The government agrees, Your Honor.
15    THE COURT:  All right. So that's fine.
16    MR. SERCARZ:  I will be seeking particularization
17 with regard to the indictment. Your Honor, there may be
18 specific Brady requests, and there's a possible severance
19 motion defendant Hymowitz may be making.  At least we want the
20 time to consider it.
21    THE COURT:  Mr. Hymowitz is an attorney?
22    MR. SERCARZ:  Yes.
23    THE COURT:  And Mr. Freeman is an attorney?
24    MR. DiCHIARA:  Yes, Your Honor.
25    THE COURT:  Mr. Evans, and Dunn?

1        MR. EVANS:  Not an attorney.
2        THE COURT: Mr. DiChiara.
3        MR. DiCHIARA: Yes, my motion would mirror the ones
4   that were outlined by Mr. Hymowitz -- on behalf of
5   Mr. Hymowitz.
6        THE COURT:  I can't hear you.
7        MR. DiCHIARA:  On behalf of Mr. Hymowitz.  I said by
8   Mr. Hymowitz, it should have been on behalf of Hymowitz, by
9   Mr. Sercarz.
10       THE COURT:  Okay. And that's it?  Let's see if we
11  can streamline some of this. As I said with regard to Brutant,
12  it seems quite straight forward, unless there's something I'm
13  missing.  I really don't know the statement, but that should
14  be resolvable. You are going to be seeking a bill of
15  particulars, you say?
16       MR. SERCARZ: Yes, Your Honor.
17       THE COURT:  As to what?
18       MR. SERCARZ: Well, just, for example, and I don't
19  have the indictment in front of me, you've got a mail fraud,
20  and the government has not particularized the mailing. You've
21  got an allegation of false representations, and the government
22  has not pointed to particular representations that were
23  allegedly fraudulent or pointed to a specific document in the
24  discovery that contains the allegedly false pretense or
25  representation, and unless there is particularization, the

1  danger of double jeopardy exists.
2           THE COURT: All right, but the motion --
3           MR. SERCARZ: These are not huge motions, Your Honor.
4           THE COURT: Well, but that is what I'm thinking.
5  You are giving yourself until November 30th. It seems to me
6  at a minimum you could be writing a letter to the government
7  and say could we have this information. It doesn't take six
8  weeks.
9           MR. SERCARZ: I will be happy to do so, Your Honor.
10 It is Mr. DiChiara's trial schedule that prompted us to seek a
11 long period of time.
12          MR. DiCHIARA: I am starting a trial October 22nd
13 before Judge Karas in White Plains and that's estimated to go
14 three or four weeks.
15          THE COURT: I see. All right.
16          MS. POSA: Your Honor, if I may clarify the record,
17 there is no mail fraud charge. The charge is wire fraud and
18 wire fraud conspiracy, and the specific wire transactions are
19 specified in the indictment.
20          THE COURT: And no others?
21          MS. POSA: Substantive wire fraud count.
22          THE COURT: Okay. Well, that may resolve one motion,
23 and does that resolve it for Mr. Freeman as well? Is that the
24 same?
25          MR. DiCHIARA: Judge, honestly, I hope we can keep

1   the motion schedule that we have.  Because of my trial
2   considerations --
3              THE COURT:  All right. I'll say I will leave it, but
4   what I am saying is we may not need a motion. If Ms. Posa has
5   just answered the Bill of Particulars needs of the defendants,
6   then that may be sufficient, and what I'm saying is before you
7   file a motion, both sides tend to put in a lot of boilerplate
8   on the motion and it takes another go round before I find out
9   what's really going on, write a letter to the government and
10  ask them what about this and what about that, and maybe
11  they'll answer it and you won't need a motion.
12             MR. SERCARZ:  Your Honor, within the next few weeks
13  -- two or three weeks -- I will write a letter to the
14  government expressing all these concerns devoid of any
15  boilerplate, and if we succeed in negotiating a resolution of
16  all of these, I will notify the Court in a letter so that,
17  perhaps, we can move things.
18             MR. DiCHIARA:  I have no objection to following the
19  Court's suggestion.
20             THE COURT:  All right. Good.
21             Thank you. You are considering severance as well?
22             MR. DiCHIARA:  Yes, Judge. There may be a possible
23  -- and we have to update our research on an antagonistic
24  defense.  Based upon some of the items that are in Mr. Dunn's
25  statement, that may still apply.  I am not sure yet but before

1  we do that I want to fully research it but that is a
2  possibility.
3             THE COURT:  So the severance could be --
4  Mr. Hymowitz and Mr. Freeman would want to be tried separately
5  from Mr. Dunn?
6             MR. DiCHIARA:  That would be correct.
7             MR. SERCARZ: I don't know that I would end up
8  joining in that motion for a severance, Your Honor.  I want to
9  see whether or not that makes any sense. In the event that
10 Mr. Morales should not plead guilty for any reason, I would
11 reserve the opportunity to seek severance from Mr. Morales.
12 There is simply no factual overlap between the allegations
13 against Mr. Morales on the one hand and against the other
14 three defendants on the other.  With Mr. Walters no longer in
15 the case, I don't think the connective tissue, so to speak,
16 exists to try the four defendants that are presently in the
17 court together.  So I would reserve that one.  We will wait
18 and see what happens.
19            THE COURT: Yes. Okay. So maybe I'll wait and see
20 what the motions look like before determining whether to refer
21 them to the Magistrate Judge.
22            In the meantime, Ms. Posa, how long a trial do you
23 anticipate with three defendants?
24            MS. POSA:  One moment, Your Honor.  We would
25 estimate three weeks.

10

1  THE COURT: That's a guess?
2  MS. POSA: An estimate.
3  THE COURT: Okay.
4  MR. SERCARZ: I'm sorry. You said three weeks?
5  MS. POSA: Yes.
6  THE COURT: And defendants?
7  MR. DiCHIARA: Judge, I am sure that we would put in
8  at least a day or two of defense on behalf Mr. Freeman.
9  MR. EVANS: Likewise for Mr. Dunn, at least two
10 days.
11 THE COURT: And how many counts are left then with
12 respect to the three defendants? Well, counsel you don't need
13 to tell me now, but I think these are the things that I am
14 going to be inquiring into.
15 MS. POSA: I just can't remember how many but as to
16 all the defendants, we have wire fraud conspiracies, several
17 wire fraud counts, money laundering conspiracies, substantive
18 money laundering and as to Mr. Dunn alone federal bribery in
19 violation of 18 U.S. 666 and extortion and racketeering of
20 course -- forgot the big on -- again, only as to Mr. Dunn.
21 THE COURT: Anything else we should be taking up
22 today?
23 MR. DiCHIARA: I don't believe so, Your Honor.
24 MR. BEYS: No, Judge.
25 MS. POSA: Not from the government, Your Honor.

11

1     MR. DiCHIARA:  When should we come back, Judge?
2     THE COURT:  The next date you are looking for in,
3 let's say, Friday the 11th of January at ten.
4     Okay. Anything else?
5     MR. DiCHIARA:  No, thank you, Your Honor.
6     THE COURT:  Thank you.
7     Is there an application to exclude speedy trial
8 time?
9     MR. SERCARZ: No objection.
10    MR. DiCHIARA:  No objection, if the government makes
11 it.
12    THE COURT:  Do you want to make the application?
13    MS. POSA:  Yes, Your Honor. I believe it was
14 designated a complex case but we will renew our application.
15    THE COURT: I think it is appropriate and we have
16 your motion schedule, so I will, given the complexity of this
17 case and the ongoing plea negotiations, at least with one
18 defendant, we will exclude time until January 11th.
19    Thank you.
20    MS. POSA:  Thank you, Your Honor.
21    (Proceedings adjourned as above set forth)
22          *  *  *  *  *  *  *  *
23
24
25

*MARSHA DIAMOND, CSR, RPR*
*OFFICIAL COURT REPORTER*